

Tamir Saland, Esq.
One University Plaza, Ste. 620

> Based upon Defendant's representation that it will serve updated discovery responses on February 25, 2022, the application is denied without prejudice to renew.
>
> Should Plaintiff conclude that the update discovery responses are still insufficient, he may - by joint letter, in accordance with this Court's Individual Practices - renew his request for a pre-motion conference.
>
> The Clerk of the Court is respectfully directed to terminate the motion sequence pending at Doc. 17.
>
> SO ORDERED.
>
> _____
> Philip M. Halpern
> United States District Judge
>
> Dated:  White Plains, New York
>             February 22, 2022

<u>Via ECF</u>

The Honorable Philip M. Halpern
United States District Court
Southern District Of New York
500 Pearl Street
New York, New York 10007

  **RE:** *Chaim Fisher v. Receivables Per...*
     Case No. 7:21-cv-7715-PMH

Dear Judge Halpern,

  Stein Saks, PLLC represents Plaintiff in the above action. We submit this letter, pursuant to Local Civil Rule 37.2 and Your Honor's Individual Part Rules to request a pre-motion conference with the Court before filing a motion to compel. The parties, including the undersigned and Peter Cipparulo, Esq. had an extensive meet and confer telephone conference on February 2, 2022 at 3:00 pm. for 29 minutes whereby we discussed all outstanding discovery issues.

  The undersigned sent a copy of the notes from the meeting to Mr. Cipparulo within a few minutes following the meeting. At the meeting, the parties agreed that if responses as to Plaintiff's claim as an individual are not received within one week following the conference, Plaintiff would make a motion to compel. It has now been over two weeks since our meet and confer and Plaintiff has yet to receive any of the discussed discovery materials. Although Defendant still has until the end of the month to provide discovery for class-related issues and the protective order, Plaintiff could not wait on the motion to compel, as our deposition deadline is quickly approaching and we already sought an extension of the same.

  Plaintiff following up with Defendant via email on February 9, 2022 and February 15, 2022. However, discovery responses have not been forthcoming.

  Specifically, the bolded comments found below summarize the agreements made at the meet and confer between the parties. Admittedly, the class discovery issues and the issue of the protective order are due by February 28, 2022. However, in light of the fact that depositions are expected to completed prior to February 28, 2022, Plaintiff needs to compel production of documents related to Numbers (1), (6), (7), (8), (9) and (12) as found below.

1

We intend to file a motion to compel unless you provide appropriate responses to following discovery requests (made on 1/18/22 in an email):

1. In RFA #11 you deny that the Defendant's February 14, 2021 letter was an attempt to collect a consumer debt. Do you have any reason to believe this debt is commercial in nature? **Does not know how they use their cell phone. No facts that it was a business account.**

2. Regarding class discovery, you denied RFA #15 that Defendant mailed Class Letters. You also refuse to provide copies of class letters in RFP #9 and failed to provide a list/log in response to RFP #10 and state this is a fact sensitive case. However, these "sensitive facts" very well may have occurred on more than one occasion. What is your basis for denial? Did you research Defendant's database to confirm that this is true. If you refuse to cooperate on this front we will be forced to hire an outside data querying firm that specializes in gathering specific types of data based on particular queries. It would be much more efficient for both sides if you would be more forthcoming on the class discovery front. – **count of how many class letter sent out by 2/28.**

3. Similarly in RFA #16, you deny that class letters were sent to more than 40 persons? Do you know that it was less than 40? **See #2**

4. In RFA #17, you deny that Defendant has the ability to verify the number of class letters. Same as above. **See #2**

5. In RFA #18, you deny that Defendant has the ability to reproduce class letters. Same as above. **Parties agree to produce actual class letters upon certification of a class.**

6. In response to ROG #13, you state "Plaintiff owed the amount claimed." On what basis do you make this statement? There were no documents in your responses that verified this information. **Defendant will provide the Electronic transmission of the account by March 16, 2022 – when T-mobile transferred the debt to Defendant for debt collection.**

7. In response to RFP # 5, you object that the "documents requested are not relevant to the allegations raised by plaintiff's complaint." However, the underlying claim is based on the fact that Plaintiff had a pre-paid plan. The documents, including the contract between plaintiff and T-mobile are very relevant to this inquiry and will help to establish if plaintiff had a prepaid plan or not. **Confirm that you have or don't have the document whereby plaintiff agreed to something other than a prepaid plan.**

8. Similarly, in response to RFP #6, you say the documents between T-mobile and Defendant are not relevant. However, if Defendant was on notice that the subject account was prepaid and was not subject to the accrual of any debts, let alone interest or fees, then that would

go to show that Defendant was on notice and should not have attempted collection in this case. This is also very relevant. **(Covered in #6 above)**

9. As discovery responses were already do, please advise what is meant by your response to ROG #11. You state "Defendant is in the process of investigation this claim…" Please describe what type of investigation they are performing and advise when you intend to have a full responses regarding the bona fide error defense. **Cannot rule out at this time.**

10. Although you claim that Plaintiff's complaint is a unique allegation (ROG # 8), we are entitled to class discovery at this stage of litigation. At a minimum, we will need the class number prior to filing a motion to certify the class. Please advise when you will provide this information. You also failed to provide any class-related documents in response to RFP #9 and 10. Furthermore, you failed to provide any documentation as to Defendant's net worth in RFP #13 and 14. **Will be provided by 2/28/22. We will need to make a motion for net worth.**

11. In RFP #11, you state: "To be supplied". When do you intend to provide the policies, procedures…etc.? If your client will require a protective order, please provide one or let me know if you would like us to prepare – we have a template on file. **2/28/22 – Defendant will provide attorney's eyes only - will provide protective order if needed prior. Policies and procedures will be provided by 2/28/22.**

**12.** Please confirm that Mark T. Case, General Counsel, Receivables Performance Management LLC will appear for a deposition. Please advise as to your witness's availability so we can put a tentative deposition date on the schedule. **Deposition will be on or before 2/28/22.**

We request that this Court grant Plaintiff's request for a premotion conference prior to making a motion to compel outstanding discovery. We thank Your Honor and the Court for its kind considerations and courtesies.

Respectfully Submitted,

/s/ **Tamir Saland**
Tamir Saland, Esq.